IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FREDERICK L. KAY,

    Plaintiff,

v.

ST. FRANCIS HOSPITAL, UNKNOWN INSURANCE CARRIER, AND JANE AND JOHN DOES 1-50,

    Defendants.

No. C 06-00042 JSW

**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING WITH LEAVE TO AMEND**

This matter comes before the Court upon consideration of Plaintiff Frederic Kay's application to proceed *in forma pauperis*. Plaintiff has filed a complaint alleging violations of 18 U.S.C. § 1964(a) "Civil Rico" and 42 U.S.C. § 1983, against St. Francis Hospital, an Unknown Insurance Carrier and John and Jane Does 1-50.

In order to state a valid claim under 42 U.S.C. § 1983, Plaintiff must allege (1) a violation of a right secured by the Constitution and laws of the United States, (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The latter requirement excludes from the statute "merely private conduct, no matter how discriminatory or wrongful." *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982).

The factual allegations set forth in the complaint, in their entirety, are as follows: "That on January 4th ending after midnight on January 5, 2005 . [*sic*] Plaintiff Frederick L. Kay was assaulted by two security personnel And aided and abetted by a third all in the employment of St. Francis Hospital and CHW their parent company ." (Compl., ¶ 1.) The facts in the Complaint do not demonstrate that any of the Defendants were acting under "color of state law."

Further, to the extent Defendant St. Francis hospital and "Unknown Insurance Carrier" are private entities, Plaintiff must allege facts indicating that the conduct of the private entity is fairly attributable to the state. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see also Martin v. Pac. Northwest Bell Tel. Co.*, 441 F.2d 1116, 1118 (9th Cir. 1971).

Assuming the Defendants are private entities, in order to allege that their conduct is attributable to the state, Plaintiff must set forth facts establishing the existence of a conspiracy to deprive Plaintiff of a right guaranteed in the Constitution or under the laws of the United States. *Woodrum v. Woodward County, Okla.*, 866 F.2d 1121, 1126 (9th Cir. 1989). There are no such facts alleged in Plaintiff's complaint. *See Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977) ("Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act," and holding that claims under 42 U.S.C. §§ 1981, 1983 must be pled with specificity).

Similarly, the facts currently alleged in Plaintiff's complaint fail to set forth a Civil Rico violation. 18 U.S.C. § 1964(a) provides the Court with jurisdiction to remedy violations of 18 U.S.C. § 1962. 18 U.S.C. § 1964(c) provides that "any person injured in his business or property by reason of a violation of [18 U.S.C. § 1962] may sue therefore in any United States district court ... ." Plaintiff sets forth no facts stating how his business or property was injured by a violation of 18 U.S.C. § 1962, nor does the Complaint set forth facts from which this Court can discern the nature of the RICO enterprise alleged nor which provision of 18 U.S.C. § 1962 allegedly has been violated. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court "shall dismiss [a] case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted." Plaintiff has failed to set forth facts demonstrating that he has a claim under Section 1983 or for a civil RICO violation. That does not, however, end the Court's inquiry.

The Court also has considered whether the facts alleged state a claim on any other legal theory. Assuming *arguendo* that Plaintiff has set forth sufficient facts to state a claim, federal courts are courts of limited jurisdiction. The federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: basically those cases involving diversity

of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *See id.* at 377. Absent some basis for jurisdiction, this Court must dismiss the matter. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (stating that the district court has an independent obligation to determine subject matter jurisdiction). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3).

Having failed to set forth facts supporting violations of Section 1983 or facts supporting a Civil Rico claim, claims over which this Court would have jurisdiction, there are no facts alleged in Plaintiff's Complaint demonstrating that this Court would have subject matter jurisdiction over this action on any other basis.

For these reasons, Plaintiff's application is DENIED WITHOUT PREJUDICE and the Complaint is DISMISSED WITH LEAVE TO AMEND. If Plaintiff wishes to pursue this action he must file an Amended Complaint and a renewed application to proceed *in forma pauperis* by February 13, 2006. In any amended complaint, Plaintiff must include the basis for which subject matter jurisdiction exists. *See* Fed. R. Civ. P. 8(a)(1) (complaint must contain, *inter alia*, "a short and plain statement of the grounds upon which the court's jurisdiction depends"). The Court advises Plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney is available through the Court's website or in the Clerk's office.

**IT IS SO ORDERED.**

Dated: January 12, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE